**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4537**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RINALDY TURCIOS-FLORES,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:09-cr-00010-REP-1)

_____

Submitted:  February 4, 2010      Decided:  March 4, 2010

_____

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire,
Assistant Federal Public Defender, Patrick L. Bryant, Research
and Writing Attorney, Richmond, Virginia, for Appellant. Neil H.
MacBride, United States Attorney, S. David Schiller, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rinaldy Turcios-Flores pled guilty, pursuant to a plea agreement, to one count of illegal reentry after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court departed upward pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a), p.s. (2007), imposed an upward variance, and sentenced Turcios-Flores to sixty months in prison. On appeal, Turcios-Flores argues that the district court erred in imposing his sentence. Finding no error, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 51 (2007). Appellate review of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 41. If the district court determines that a sentence outside the guidelines range is appropriate, the reviewing court "should first look to whether a departure is appropriate based on the [g]uidelines Manual or relevant case law." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).

Turcios-Flores challenges the district court's decision to impose an upward departure. A district court may

2

depart upward from the guidelines range under USSG § 4A1.3(a), p.s., when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that under-representative criminal history category is an encouraged basis for departure), cert. denied, ___U.S.___, 78 U.S.L.W. 3392 (U.S. Jan. 11, 2010) (No. 09-6521).

To determine whether a departure sentence is appropriate in such circumstances, the guidelines explicitly state that a court may consider prior sentences not used in the criminal history calculation, prior sentences of "substantially more than one year" for independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of the offense, or prior similar conduct that did not result in a conviction. See USSG § 4A1.3(a)(2), p.s.

Here, the record supports the district court's conclusion that Turcios-Flores' criminal history category failed to adequately reflect the seriousness of his criminal history and the likelihood of his recidivism. Turcios-Flores had multiple unscored convictions not included in calculating his criminal history category, a lengthy history of lenient

3

sentences followed by recidivism, and a number of probation and supervised release violations. Thus, the district court did not err in imposing the departure sentence.

Turcios-Flores also challenges the district court's decision to impose an upward variance. When reviewing the substantive reasonableness of an upward variance, the court "must give due deference to the district court's decision that the § 3553(a) [(2006)] factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Under 18 U.S.C. § 3553(a), the district court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. The court should impose a sentence that reflects the seriousness of the offense, and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with adequate rehabilitation or medical treatment.

We find that, in imposing a variance sentence, the district court provided an adequate individualized assessment of the § 3553 sentencing factors in relation to Turcios-Flores and

4

his criminal conduct. The court took into consideration Turcios-Flores' prior criminal conduct, which demonstrated a lack of respect for the law, as well as the fact he had received some punishment for conduct related to the current conviction. Accordingly, we find the district court did not abuse its discretion.

Finally, Turcios-Flores argues that it was unreasonable for the district court to run his sixty-month sentence consecutive to his other terms of imprisonment. We find no error in this decision. See USSG § 5G1.3(c) & cmt. n.3(C).

We conclude that the district court did not abuse its discretion in imposing the sixty-month sentence. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5